UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

Jesse Skyberg,
　　　Petitioner,

v.

Matthew Marske, WARDEN
Tiffany Roberts, LEGAL ADMINISTRATIVE ASSISTANT
Craig Klawitter, CASE MANAGER
Steve James, COUNSELOR
Paula Brady, D.N.P.
Jane Doe, AKA Correctional Officer Blount
Benjamin Rice, M.D.
　　　Defendants.

Case No.

FILED/REC'D

2022 OCT 17 P 12: 02

CLERK OF COURT
U.S. DISTRICT COURT
WD OF WI

22    CV    591    JDP

AFFIDAVIT IN SUPPORT OF COMPLAINT UNDER WEBSTER BIVENS v. SIX UNKNOWN NAMED
AGENTS OF FEDERAL BUREAU OF NARCOTICS 403 U.S. 388 (1971)

28 U.S.C. SECTION 1746

I, Jesse Skyberg, declare pursuant to the penalty of perjury that:

This is a complaint pursuant to Webster Bivens v. Six Unknown Named Agents Of Federal Bureau Of Narcotics, 403 U.S. 388

On November 19th, 2019 I was assigned a job as an Orderly In Waupaca Housing Unit. This job mandated that I work during the pandemic cleaning the common areas of the housing unit where staff and inmates occupy or that I suffer from a sanction for refusing to work which would result in disciplinary action i.e loss of good time, phone time, commissary privileges, or many other restrictions. Consequently I state that I was forced to work under 18 U.S.C. Section 1589 which states Whoever knowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means- (1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person (2) by means of serious harm or threats of serious harm to that person or another person; (3) by means of the abuse or threatened abuse of law or legal process; or (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint, shall be punished as provided under subsection (d). Whoever violates this section shall be fined under this title, imprisoned not more than 20 years, or both. If death results from a violation of this section, or if the violation includes kidnapping, an attempt to kidnap, aggravated sexual abuse, or an attempt to kill, the defendant shall be fined under this title, imprisoned for any term of years or life or both. I further assert that the following people are responsible for the harm caused Warden Matthew Marske, Case Manager Craig Klawitter, Counselor Steve

1

James, D.N.P. Paula Brady, and Counselor Nelson. My job duties include sweeping, mopping, floors & care equipment, using chemicals, restroom care and wiping down those most used areas. I consulted with medical staff specifically D.N.P. Paula Brady on a number of occasions via electronic email about my medical conditions from June 6th, 2020 to March 21st, 2021 and the fear associated with the harm I could be caused from Covid-19. "See Attached emails" *ATTACHMENT #1 Page 1-3*

On or about September 21st, 2020, Food Service Correctional Officer Ms. Blount worked a double shift. First, she worked the over night shift in Marquette Housing Unit, where some inmates had tested positive for COVID-19.

Notwithstanding, her knowledge that she had been exposed to COVID-19, the next morning she showed up for her regular shift in the prison kitchen, where inmates from Waupaca housing unit were assigned, no inmate from Waupaca unit had been exposed to COVID-19. Inmates expressed their concerns as to why Ms. Blount was working after being exposed, they were told to get back to work or go to the housing unit.

Within the next week, every inmate in Marquette Unit tested positive for COVID-19.

Correctional Officer's assisted inmates moving to Sauk Housing Unit to quarantine. Some staff member's wore no personal protective equipment at all. Likewise, staff members who were assisting infected inmates moved freely between housing units on the east side of the compound, specifically, unit team members.

Ms. Blount proffered that she had no taste or smell. However, she never quarantined, she did however work Waupaca unit at least three time between her exposure and when Waupaca unit was tested based on exposure to COVID-19, on October 3rd, 2020, ten individuals volunteered to be tested. Everyone tested negative, the ten volunteers.

The very next day October 4th, 2020, Ms. Blount left work early based on her symptoms to COVID-19.

On October 5th, 2020, the kitchen worker's were not allowed to go back to work based on their exposure to COVID-19. I was knowingly and negligently exposed to COVID-19, notwithstanding the fact that my pre-existing condition's "Hypotension, Postural Orthostatic Tachycardia Syndrome (POTS), Asthma, and Hypermetropia", place me in the category of persons at "high risk for developing complications from COVID-19 or even dieing, when the administration disregarded the risk of leaving inmates who tested positive for COVID-19 in the housing unit with individuals who had tested negative. On approximately October 7th, 2020, medical staff tested inmates who worked in the prison kitchen

2

as they were exposed to the virus. Only one inmate was informed he tested positive, a few hours later however, he was still in the unit after 4:00 P.M. count, three hours after he'd been informed he tested positive. This inmate was housed on B-Range. After the 4:00 P.M. count that inmate was escorted to quarantine. However his cellmate remained in cell B-27. This administration was deliberately indifferent to the fact that approximately (7) seven other inmates in Waupaca unit had also tested positive for COVID-19.

One of the inmates that tested positive was Michael Binder, my cellmate, medical staff and this administration was aware of these infections as the individuals tested positive at the same time as the first inmate. Notwithstanding knowing my pre-existing conditions and the science dictating I was at risk of severe complications or even death, and that I could not protect myself against him, my cellmate was not taken to quarantine until the following day, unnecessarily exposing me and every other inmate to the virus.

On October 9th, 2020, I tested positive for COVID-19. I was not moved to quarantine until October 10th, 2020, this administration continued to disregard CDC guidelines by forcing officers to work in units that contained infected inmates, to work extended hours in housing units that had no cases of the virus. Officer's such as Correctional Officer Dauman, who informed the inmates within Waupaca unit to stay away from him as he had been exposed to the virus and forced to work the unit, even though he expressed his concerns to his superiors.

After I was moved to quarantine approximately 20 to 30 something inmates in Waupaca Unit continued to test negative. The remaining inmates who tested negative were told to pack their belongings and move to Dane Housing Unit where they were further re-exposed to the virus, when all but six inmates were immediately moved to Dane Unit, the same process was followed when inmates from Columbia Housing Unit tested positive and the few who did were immediately moved to Dane Unit, where all the Waupaca inmates from both housing units were placed in the ranges not separated for any purpose in a unit with a community bathroom.

Nearly half of the Waupaca inmates who were in Dane Unit prior to the other units moving in tested for COVID-19, within the next two days.

I believe it is safe to assert that I was exposed by staff negligence due to them not moving my cellmate Michael Binder,

3

and because staff members refused to comply with the rules or a combination of all the factors combined.

Since I tested positive I have not been tested since, no one has unless they were going to a new facility or releasing.

I have been vaccinated, however, vaccination does not prevent reinfection, and if I am re-exposed no one will know as

vaccination prevents symptoms, and with no testing we wont know if there's reinfection, until the antibodies subside

which is approximately six month and I'm reinfected based off of the fact that all inmates nor all staff member's are

vaccinated, no one wears a mask, there is no social distancing, no testing, and no treatment, as my treatment was being

thrown into a cell and, so long as I didn't die I recovered.


Also I continue to experience chest pains, headaches, absentmindedness, fatigue, and body aches all symptoms associated

with COVID-19, and health services will not treat you for something that cant be proven, so unless I'm passed out dieing,

I can't demonstrate I've been impacted by COVID-19, I have however, been to health service's in regard to my chest pains

I've articulated that it is a symptom associated with my experience with COVID-19 and Dr. Betts prescribed a new inhaler.

Consequently, I assert that my hypotension, Postural Orthostatic Tachycardia Syndrome (POTS), Asthma, and

Hypermetropia are serious medical conditions that substantially diminish my ability to provide self care within the

environment of a correctional facility. And that those conditions were ignored by medical resulting in a positive exposure

to COVID-19 and a lasting infection with ongoing symptoms.


On April 15th, 2021 I submitted all relevant information to the Warden Matthew Marske explaining my ongoing issue

with COVID-19 "my exposure" as you must exhaust the administrative remedy process before you file your claim in court.

I requested a remedy for the Constitutional violations either release or another remedy. On 5-4-2021 I received Matthew

Marske's denial. And on 5-6-2021 I tendered my response to Counselor Nelson. On 5-19-2021 Tiffany Roberts issued a

receipt for remedy #1081299-F1. On 5-27-2021 I received a disregard receipt. On May 28th, 2021 my case manager Craig

Klawitter tendered me a rejection from the Legal Administrative Assistant Tiffany Roberts for administrative remedy #

1081299-F1. I did however over come that rejection and exhaust my administrative remedy process and start a new

process specifically for the staff misconduct and violation of 18 U.S.C. SECTION 1001, See attached responses for

administrative remedy processes and staff misconduct. Consequently the court has the power to hear this case as I have

exhausted all administrative remedies associated with the claims against the following staff member's at the federal

correctional institution in Oxford Wisconsin. (See Attachments) and I request an equitable remedy of $1,000,000.00 in

United States Currency.

I declare that the foregoing is true and correct to the best of my knowledge pursuant to 28 U.S.C. SECTION 1746.

JESSE SILBERG

JESSE SILBERG
FEDERAL CORRECTIONAL INSTITUTION
PO. BOX 1000
OXFORD, WI 53952

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | *JESSE SKYBERG* |
| All other names by which you have been known: | *N/A* |
| ID Number | *47727-380* |
| Current Institution | *OXFORD* |
| Address | *P.O. BOX 1000* |
| | *OXFORD*                *WISCONSIN*        *53952* |
| | City                        State            Zip Code |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | *Matthew Marsky* |
| Job or Title *(if known)* | *Warden* |
| Shield Number | |
| Employer | *Federal Bureau of Prisons* |
| Address | *P.O. Box 500* |
| | *Oxford*                 *WI*            *53952* |
| | City                      State          Zip Code |

☒ Individual capacity        ☒ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | *Tiffany Roberts* |
| Job or Title *(if known)* | *Legal Administrative Assistant* |
| Shield Number | |
| Employer | *Federal Bureau of Prisons* |
| Address | *P.O. Box 500* |
| | *Oxford*                 *WI*            *53952* |
| | City                      State          Zip Code |

☒ Individual capacity        ☒ Official capacity

Defendant No. 5    Paula Brady

Job or Title    D·N·P·

Employer    Federal Bureau of Prisons

Address    P·O· Box 500
Oxford WI 53952
* Individual and Official Capacity

Defendant No. 6    Jane Doe, (AKA Correctional Officer Blount)

Job or Title    Food Service/ Corrections

Employer    Federal Bureau of Prisons

Address    P.O. Box 500
Oxford, WI 53952
* Individual and Official Capacity

Defendant No. 7    Benjamin Rice

Job or Title    M.D.

Employer    Federal Bureau of Prisons

Address    P.O. Box 500

Oxford WI 53952
* Individual and Official Capacity

6

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3

Name                    *Craig Klawitter*

Job or Title *(if known)*   *Case Manager*

Shield Number

Employer                *Federal Bureau of Prisons*

Address                 *P.O. Box 500*

*Oxford*              *WI*        *53952*

City                    State       Zip Code

☒ Individual capacity    ☒ Official capacity

Defendant No. 4

Name                    *Steve James*

Job or Title *(if known)*   *Counselor*

Shield Number

Employer                *Federal Bureau of Prisons*

Address                 *P.O. Box 500*

*Oxford*              *WI*        *53952*

City                    State       Zip Code

☒ Individual capacity    ☒ Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971),* you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

☒ Federal officials (a *Bivens* claim)

☐ State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens,* what constitutional right(s) do you claim is/are being violated by federal officials?   *SEE ATTACHED AFFIDAVIT PAGES 1-4*

7

Page 3 of 11

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

*SEE ATTACHED AFFIDAVIT PAGES 1-4*

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- ☐ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☐ Convicted and sentenced state prisoner
- ☒ Convicted and sentenced federal prisoner
- ☐ Other *(explain)* _____

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.  If the events giving rise to your claim arose outside an institution, describe where and when they arose.

*SEE ATTACHED AFFIDAVIT PAGES 1-4*

B.  If the events giving rise to your claim arose in an institution, describe where and when they arose.

*SEE ATTACHED AFFIDAVIT PAGES 1-4*

8

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C. What date and approximate time did the events giving rise to your claim(s) occur?

*SEE ATTACHED AFFIDAVIT PAGES 1-4*

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

*SEE ATTACHED AFFIDAVIT PAGES 1-4*

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

*SEE ATTACHED AFFIDAVIT PAGES 1-4*

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

*SEE ATTACHED AFFIDAVIT PAGES 1-4*

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## VII.    Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

*Federal Correctional Institution Oxford/*
*P.O. Box 1000*
*Oxford, WI 53952*

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

*SEE ATTACHMENTS*

*10*

Page 6 of 11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

*Institution Level, Regional Office, Central Office*

2.    What did you claim in your grievance?

*SEE ATTACHED*

3.    What was the result, if any?

*DENIED*

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

*Process is exhausted fully.*

11

Page 7 of 11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.     If you did not file a grievance:

1.   If there are any reasons why you did not file a grievance, state them here:

N/A

2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

N/A

G.     Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

SEE ATTACHMENTS

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

12

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

    Plaintiff(s)    _N/A_
    Defendant(s)   _N/A_

2.  Court *(if federal court, name the district; if state court, name the county and State)*

    _N/A_

3.  Docket or index number

    _N/A_

4.  Name of Judge assigned to your case

    _N/A_

5.  Approximate date of filing lawsuit

    _N/A_

6.  Is the case still pending?

    ☐ Yes

    ☐ No

    If no, give the approximate date of disposition. _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    _N/A_

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment? _N/A_

*13*

Page 9 of 11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☒ No

D.  If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

Plaintiff(s)  _____ N/A _____

Defendant(s)  _____ N/A _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*

N/A

3.  Docket or index number

_____ N/A _____

4.  Name of Judge assigned to your case

_____ N/A _____

5.  Approximate date of filing lawsuit

_____ N/A _____

6.  Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition  _____ N/A _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

N/A

*14*

Pro'Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    _10-13-2022_

Signature of Plaintiff    _Jesse Skyborg_

Printed Name of Plaintiff    _Jesse Skyborg_

Prison Identification #    _47727-380_

Prison Address    _P.O. Box 1000_

_Oxford_                _WI_       _53952_
City                     State      Zip Code

### B.    For Attorneys

N/A

Date of signing:    _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Address    _____

_____
City                     State      Zip Code

Telephone Number    _____

E-mail Address    _____

15