IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JESSE SKYBERG,

                Plaintiff,

v.

MATTHEW MARSKE, TIFFANY ROBERTS,
CRAIG KLAWITTER, STEVE JAMES,
PAULA BRADY, JANE DOE AKA CORRECTIONAL
OFFICER BLOUNT, and BENJAMIN RICE,

                Defendants.

OPINION and ORDER

22-cv-591-jdp

---

    Plaintiff Jesse Skyberg is incarcerated at the Federal Correctional Institution in Oxford, Wisconsin. Skyberg alleges that FCI-Oxford staff intentionally or negligently subjected him to an increased risk of catching COVID-19 and then failed to properly treat his medical problems after he contacted COVID. The court has already allowed Skyberg to proceed with this case in forma pauperis, and he has made an initial partial payment of the filing fee as previously directed by the court.

    The next step is for me to screen Skyberg's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

    I will dismiss Skyberg's complaint and give him an opportunity to correct the problems identified in this order.

ALLEGATIONS OF FACT

Skyberg worked as an orderly at FCI-Oxford, cleaning common areas of the housing unit. Skyberg suffers from chronic asthma, low blood pressure, and postural orthostatic tachycardia syndrome, medical conditions that he says makes him particularly vulnerable to harm from a COVID-19 infection.

Skyberg wrote to defendant Paula Brady, a "D.N.P.," which I take to mean "doctor of nursing practice," stating that he feared that someone with his pre-existing conditions would be particularly vulnerable to complications from a COVID-19 infection.

In late September 2020, defendant food service correctional officer Ms. Blount worked in a unit in which inmates had tested positive for COVID-19 and then worked in the kitchen with inmates from Skyberg's unit, which had not yet had any positive cases. Blount told inmates that she lost her senses of taste and smell, but she continued to work in Skyberg's unit until October 4, when she left work early because of her COVID symptoms.

Over the next few days, staff left inmates who had worked in the kitchen with Blount to stay in Skyberg's unit, even after those inmates tested positive. Skyberg tested positive shortly thereafter. Skyberg "continue[s] to experience chest pains, headaches, absentmindedness, fatigue, and body aches all symptoms associated with COVID-19, and health services will not treat you for something that cannot be proven," Dkt. 1, at 4, although Skyberg states that he did receive a new inhaler after complaining of chest pains.

In April 2021, Skyberg filed an administrative grievance about being exposed to COVID-19 and the risk he faces of again contracting COVID due to staff's failure to properly segregate staff and inmates who test positive. Defendants Warden Mathew Marske and legal

administrative assistant Tiffany Roberts denied his grievance. Defendant case manager Craig Klawitter handed Skyberg the denial from Roberts.

ANALYSIS

Skyberg contends that defendants violated his Eighth Amendment right against cruel and unusual punishment and that they were negligent. In *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), the United States Supreme Court recognized an implied cause of action for damages against federal officers in their individual capacities for a constitutional violation. *See Engel v. Buchan*, 710 F.3d 698, 703 (7th Cir. 2013). But the Supreme Court has recognized an implied damages remedy under *Bivens* in only three cases: (1) a Fourth Amendment claim against FBI agents for handcuffing a man in his home without a warrant, *Bivens*, 403 U.S. 388; (2) a Fifth Amendment sex discrimination claim against a congressman for firing his female administrative assistant, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) an Eighth Amendment claim brought by a prisoner's estate against prison officials for failure to provide adequate medical care for his asthma, *Carlson v. Green*, 446 U.S. 14 (1980). And the Supreme Court has repeatedly stated that expanding *Bivens* to a new context is now a "disfavored judicial activity": the Court has concluded that federal courts should not expand *Bivens* actions to reach "new contexts" unless "special factors" counsel otherwise. *Egbert v. Boule*, 142 S. Ct. 1793, 1803–04 (2022); *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857–60 (2017).

Skyberg alleges that he received inadequate medical care for various problems he had after contracting COVID-19. That's a claim that might fit as a *Bivens* medical care claim under *Carlson*. But Skyberg's allegations do not comply with Federal Rule of Civil Procedure 8, which requires a plaintiff to provide fair notice to each defendant about what he or she did wrong. In

3

particular, Skyberg doesn't explain what any of the individual defendants did that violated his rights with regard to his medical care.

The other main thrust of Skyberg's allegations is that prison officials did not take the risk of COVID-19 spread seriously enough, shuffled potentially infected inmates and staff into units with uninfected inmates, and forced Skyberg to continue working in potentially contaminated areas. But generally courts have declined to expand the scope of *Bivens* actions into the "new context" of federal prisons' COVID-mitigation policies not directly related to medical treatment. *See, e.g.*, *Blanding v. Fed. Bureau of Prisons*, No. CV 21-1115, 2021 WL 5139912, at *6 (E.D. Pa. Nov. 4, 2021) ("Authorizing *Bivens* actions for damages regarding federal jails' COVID-19 practices would undoubtedly impose a large burden on the judiciary, which is not equipped to litigate these issues without Congressional guidance." (internal quotation omitted)); *Hill v. Healy*, No. 22-CV-203-PP, 2022 WL 3213260, at *5 (E.D. Wis. Aug. 9, 2022) ("All these factors counsel against this lower court expanding the reach of *Bivens* to include a conditions-of-confinement claim based on alleged failures to take precautions to protect incarcerated persons from COVID-19."); *Greer v. Caravajal*, No. 522CV00334VBFJDE, 2022 WL 4826513, at *7 (C.D. Cal. June 30, 2022), *report and recommendation adopted sub nom. Greer v. Carvajal*, No. 522CV00334VBFJDE, 2022 WL 4842927 (C.D. Cal. Sept. 30, 2022). I will not allow Skyberg to proceed on a *Bivens* claim regarding the prison's COVID-mitigation policies.

Alternatively, Skyberg alleges that prison staff negligently handled the risk of harm from COVID infection and negligently treated his medical problems. At least some of his allegations might state negligence claims, but such a claim may be brought only against the United States under the Federal Tort Claims Act, which provides the exclusive remedy for certain individuals,

including prisoners, to recover for damages caused by the negligent or wrongful act of a federal government employee. 28 U.S.C. §§ 2671–2680; *Levin v. United States*, 568 U.S. 503, 506–07 (2013). Skyberg doesn't name the United States as a defendant or suggest that he seeks to bring claims under the FTCA. Because there can be negative consequences for a plaintiff's *Bivens* claims if he loses parallel FTCA claims, I will not sua sponte convert Skyberg's negligence claims into FTCA claims. *See Conner v. Nehls*, No. 21-cv-486-bbc, 2022 WL 3585670, at *1 (W.D. Wis. Aug. 22, 2022) ("The Federal Tort Claims Act provides that once there has been a judgment on the merits of an FTCA claim, any action by the [plaintiff], by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim, is precluded." (alteration in original; internal quotation omitted)).

Instead, I will dismiss Skyberg's current complaint and give him an opportunity to file an amended complaint that addresses the issues that I have raised. He should file his new complaint on the court's complaint form, which I will have the clerk of court send him. In drafting his amended complaint, Skyberg should remember to do the following:

- Decide whether he wishes to pursue negligence claims under the Federal Tort Claims Act.

- Consider whether he is naming proper defendants and omit defendants who did not personally cause or participate in a violation of his rights.

- Identify all of the individuals or entities that he wishes to sue in the caption of the complaint.

- Describe simply and concisely what actions he believes that each defendant took that violated his rights, using separate, numbered paragraphs. He should state his allegations as if he were telling a story to someone who knows nothing about the events.

ORDER

IT IS ORDERED that:

1. Plaintiff Jesse Skyberg's complaint, Dkt. 1, is DISMISSED.

2. Plaintiff may have until November 17, 2022, to submit an amended complaint as directed in the opinion above.

3. The clerk of court is directed to send plaintiff a copy of the court's complaint form.

Entered November 4, 2022.

                        BY THE COURT:

                        /s/

                        _____
                        JAMES D. PETERSON
                        District Judge