IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JESSE SKYBERG,

                Plaintiff,

  v.

MATTHEW MARSKE, TIFFANY ROBERTS,
CRAIG KLAWITTER, STEVE JAMES,
PAULA BRADY, JANE DOE AKA CORRECTIONAL
OFFICER BLOUNT, and BENJAMIN RICE,

                Defendants.

ORDER

22-cv-591-jdp

---

    Plaintiff Jesse Skyberg is incarcerated at the Federal Correctional Institution in Oxford, Wisconsin. Skyberg alleged that FCI-Oxford staff intentionally or negligently subjected him to an increased risk of catching COVID-19 and then failed to properly treat his medical problems after he contacted COVID. I dismissed Skyberg's complaint for three reasons: (1) his conditions-of-confinement claims about staff failing to properly protect inmates from the risk of catching COVID-19 did not fall within one of the few legal theories under which a federal prisoner may proceed on constitutional claims brought under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971); (2) his allegations about improper medical care after he contracted COVID-19 could be brought under *Bivens* but he did not sufficiently allege what each particular defendant did to violate his rights; and (3) his negligence claims could be brought only against the United States under the Federal Tort Claims Act (FTCA) and he did not explain whether he wished to pursue that type of claim. Dkt. 6. I gave Skyberg a chance to submit an amended complaint addressing these issues. *Id.*

    Skyberg has now filed an amended complaint. Dkt. 7. Skyberg does not discuss his medical treatment after testing positive for COVID and nothing in his amended complaint

suggests that he wishes to pursue negligence claims under the FTCA, so I will not consider post-infection medical care claims or FTCA claims further.

Instead, Skyberg has recast his conditions-of-confinement claims as medical care claims, stating that because defendants knew that he has pre-existing conditions like chronic asthma that make him particularly vulnerable to harm from a COVID-19 infection, they "interfered with [his] prescribed treatment" by failing to keep him quarantined away from COVID. But Skyberg does not allege that he was given specific medical orders to be quarantined because of his asthma or other health conditions. Nor does he allege that any of the non-medical-staff defendants knew that they were countermanding such an order by having him leave his cell or by having COVID-positive inmates or staff near him. So he doesn't state a medical care claim against any of the non-medical-staff defendants for failing to follow medical orders. And because courts have not extended *Bivens* actions to conditions-of-confinement claims about non-medical staff failing to protect inmates from the risks of harm like the threat posed by COVID-19, I will not allow him to proceed on Eighth Amendment claims against any of the non-medical-staff defendants.

Skyberg does name two medical staffers as defendants, Dr. Benjamin Rice and Paula Brady, a doctor of nursing practice. But most of his allegations against these defendants are too vague to understand what they did to violate his rights. And his allegations that are more specific do not state claims for relief. For instance, Skyberg says that Brady referred his asthma-related requests to defendant Rice and that Brady responded to Skyberg's request for an inhaler refill by stating that he was scheduled for a follow-up appointment. Those allegations show that Brady make appropriate responses to Skyberg's requests for help; they do not support claims that she consciously disregarded his medical needs.

Skyberg's amended complaint does not state any viable claims for relief. But because some of his vague allegations might still be amended to support medical care claims under *Bivens*, I will give Skyberg a final chance to amend his complaint to detail the specific actions or inactions by Rice or Brady that caused him harm.

ORDER

IT IS ORDERED that:

1. Plaintiff Jesse Skyberg's amended complaint, Dkt. 7, is DISMISSED.

2. Plaintiff may have until December 27, 2022, to submit an amended complaint as directed in the opinion above.

Entered December 5, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge