IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JESSE SKYBERG,

                Plaintiff,

v.                                                    ORDER

STEVE JAMES,                               22-cv-591-jdp

                Defendant.

---

    Plaintiff Jesse Skyberg, proceeding without counsel, alleged that when he was incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, defendant counselor Steve James countermanded a doctor's order to quarantine Skyberg because of his asthma and instead forced Skyberg to work cleaning areas potentially contaminated with COVID-19, where Skyberg indeed contracted the disease. I granted Skyberg leave to proceed on an Eighth Amendment claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), but I later granted James's motion to dismiss the case on the ground that relief under *Bivens* is unavailable because Skyberg's allegations raise a new context for a *Bivens* claim but do not meet the onerous standard necessary to expand *Bivens* to a new context. *See* Dkt. 29.

    Skyberg seeks to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Dkt. 31. Relief under this provision is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). A Rule 59(e) motion is successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact; or (2) that newly discovered evidence precludes entry of judgment. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013).

Skyberg's motion does not meet these standards.[1] He argues that I misapplied the law by concluding that his claim against James presented a new *Bivens* context because it fits under one of the three *Bivens* contexts already allowed: an Eighth Amendment claim involving inadequate medical care. He's correct that in a broad sense Eighth Amendment medical care claims are approved under *Bivens* by *Carlson v. Green*, 446 U.S. 14 (1980). But a claim may present a new context even if it "is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized." *Hernandez v. Mesa*, 589 U.S. 93, 103 (2020). Even a case with "significant parallels" to one of the approved *Bivens* cases may present a new context if it also has meaningful differences. *Ziglar v. Abbasi*, 582 U.S. 120, 147 (2017).

I concluded that there were two meaningful differences between Skyberg's case and *Carlson*: (1) Skyberg seeks to sue a non-medical official for countermanding medical personnel's decision whereas the defendants in *Carlson* were medical staff; and (2) Skyberg really means to bring a hybrid medical care/conditions-of-confinement claim because he argues that he was harmed by his eventual placement in areas contaminated by COVID-19. Skyberg argues that there is no difference between an Eighth Amendment claim against a medical staffer or a non-medical staffer and that he is not trying to bring a conditions-of-confinement claim. But in deciding whether a claim presents a new *Bivens* context, *Abbasi* specifically tells courts to consider "the rank of the officers involved . . . the constitutional right at issue . . . the extent of judicial guidance as how to an officer should respond . . . [and] the statutory or legal mandate

---

[1] Skyberg moves for an extension of his deadline to file a reply brief. Dkt. 34. He filed a reply brief before receiving James's response brief, *see* Dkt. 33, and he followed with a second reply brief after belatedly receiving a copy of the response, *see* Dkt. 35. I will grant Skyberg's motion and I will consider his second reply brief.

under which the officer was operating." 582 U.S. at 122. Under this guidance, there is a meaningful difference between non-medical staffer James and the medical officials sued in *Carlson*. And although Skyberg argues that he doesn't intend to bring a conditions-of-confinement claim, his allegation that he was harmed by working in a COVID-contaminated area is similar to a conditions-of-confinement claim. As I stated in my order dismissing the case, "[e]very district court in the Seventh Circuit that has considered the issue has declined to expand the reach of *Bivens* to include a conditions-of-confinement claim based on alleged failures to take precautions to protect incarcerated persons from COVID-19." Dkt. 29, at 4 (internal quotations omitted). Skyberg doesn't persuade me that I was incorrect in concluding that his allegations presented a new *Bivens* context.

As for whether I should expand *Bivens* to a new context, even modest expansion of *Bivens* is now explicitly a "disfavored judicial activity." *Abbasi*, 582 U.S. at 121. This is particularly so when Congress has "crafted a relevant alternative remedial structure." *Egbert v. Boule*, 596 U.S. 482, 493 (2022). The federal prisons' grievance process is such a structure. Skyberg argues that the grievance system was unavailable to him, but the unavailability of the grievance procedure to a particular inmate is irrelevant to the *Abbasi* analysis. *See Sargeant v. Barfield*, 87 F.4th 358, 368 (7th Cir. 2023). Skyberg doesn't show that I erred in dismissing his case. I will deny his motion to alter or amend the judgment.

ORDER

IT IS ORDERED that:

1. Plaintiff Jesse Skyberg's motion for extension of time, Dkt. 34, is GRANTED.

2. Plaintiff's motion to alter or amend the judgment, Dkt. 31, is DENIED.

Entered October 25, 2024.

                                                BY THE COURT:

                                                /s/

                                                _____
                                                JAMES D. PETERSON
                                                District Judge